Benjamin C. Deming (SBN 233687)
DNL ZITO
3232 McKinney Ave, Suite 500
Dallas, TX 75204
(214) 799-1145
bdeming@dnlzito.com

*Attorneys for Plaintiff*
*Urban Aeronautics, Ltd.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| URBAN AERONAUTICS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> WISK AERO LLC <br><br> Defendants. | Case No.: 5:26-cv-6141 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Urban Aeronautics Limited (UAL), by its undersigned counsel, alleges as follows for its Complaint against Defendant Wisk Aviation, Inc. (Wisk).

**THE NATURE OF THIS ACTION**

1.      UAL brings this action against Wisk pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 7,946,528 entitled "Flight Control System Especially Suited for VTOL Vehicles." Defendant has been made aware of the '528 Patent at least as early as July 27, 2025 and continues to infringe.

**THE PARTIES**

2.      Plaintiff, UAL, is an Israeli company with an address at 10 Nahal Sinar street, Yavne 81224, Israel. Plaintiff is the owner by assignment of the '528 Patent as shown on the cover page of the '528 Patent.

- 1 -

3.      Defendant Wisk is a Delaware corporation with a headquarters at 2700 Broderick Way, Mountain View, California 94043.

4.      Wisk makes, uses, offers to sell, and sells the accused eVTOL aircraft, including the model known as the Wisk 6 ("Wisk Aircraft") throughout the United States.  The Wisk Aircraft include all of the elements of at least one of the apparatus claims of the '528 Patent and when used practice all of the elements of at least one of the method claims of the '528 Patent.   Thus Defendant's actions in making, using, offering to sell and selling the Wisk Aircraft are acts of direct infringement of the '528 Patent and Defendant's inducement of the use of the Wisk Aircraft by others are acts of induced infringement.

5.      Defendant sells the accused devices which use the claimed method in operation and Defendant has used the claimed method throughout the United States and customers of Defendant use the accused products to practice the claimed method of the '528 Patent.

6.      Defendant has have induced customers of Defendant to use the accused Wisk Aircraft and to practice the claimed method of the '528 Patent throughout the United States.

### JURISDICTION AND VENUE

7.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

8.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

9.      This Court has personal jurisdiction over Defendant because Defendant is headquartered in this District.

10.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is headquartered in this District and has committed acts of infringement in this District.

### BACKGROUND AND GENERAL ALLEGATIONS

11.      The inventor of the patent-in-suit, Rafi Yoeli is an Israeli pilot who served as a reserve officer in the Israeli Air Force.  He is also an inventor and the designer of two proposed flying cars, the Urban Aeronautics X-Hawk/CityHawk and the Tactical Robotics Cormorant.  He

- 2 -

was also the CEO of Plaintiff Urban Aeronautics, the owner of the '528 Patent by assignment from Mr. Yoeli.

12.    Mr. Yoeli worked for Israel Aerospace Industries Ltd., Boeing and Aero Design & Development Ltd.  Urban Aeronautics, Ltd. was founded by Mr. Yoeli in 2000. Tactical Robotics, a subsidiary of Plaintiff UAL, designed and tested the Tactical Robotics Cormorant, while UAL developed the X-Hawk and CityHawk vehicles.

13.    The Cormorant's first flight was in 2010 and flew fully autonomous in 2013.  The X-Hawk/City Hawk also had flights in 2010.  UAL has been on the forefront of VTOL aircraft for urban transportation for over a decade.



14.    Mr. Yoeli's pioneering work in the VTOL field has benefitted the advancement of technology and has inspired others.  He holds numerous patents for his work in this field, including the '528 Patent asserted in this matter.  He has been recognized by numerous organizations and publications for his work in VTOL urban craft and military support and rescue VTOL vehicles.

15.    UAL, led by Dr. Yoeli, has worked to solve many of the problems that are inherent in multi-rotor flying vehicle designs.  One challenge that UAL worked to overcome was maintaining controllability and allowing a safe landing of the aircraft in the event of a subsystem failure.  UAL developed a novel system that allows aircraft to operate at reduced power and performance sufficient to allow a safe emergency landing to be completed. This system is described and claimed in the '528 Patent, among others.

16.    The '528 Patent protects UAL's innovative control system which is vital to VTOL safety.  This system has been incorporated into modern VTOL craft.

- 3 -

**U.S. PATENT NO. 7,946,528**

17.     On May 24, 2011, United States Patent No. 7,946,528, was duly and legally issued by the United States Patent and Trademark Office .  The '528 Patent claims patent-eligible subject matter and is valid and enforceable.  UAL is the exclusive owner of all rights, title, and interest in the '528 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '528 Patent.

18.      Defendant is not licensed to the '528 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the '528 Patent whatsoever. A true and correct copy of the '528 Patent is attached hereto as **Exhibit A**.

19.     UAL is the current owner and assignee of the patent-in-suit.

20.     The '528 Patent is presumed valid under 35 U.S.C. § 282.  Plaintiff has at all time complied with 35 USC § 287.

21.     The claims of the '528 Patent are directed to "An aircraft flight control system having plural control subsystems with redundancies" (claim 1- 9) and to "A method for providing aircraft flight control utilizing plural control subsystems with redundancies." (claims 10 -18) Claim 1 of the '528 Patent recites:

> *Claim 1. An aircraft flight control system having plural control subsystems with redundancies organized so as to provide continued but degraded control power over critical aircraft flight operating parameters even if any one complete control subsystem catastrophically fails, said system comprising:*
>
> *a plurality of pilot controlled input sensors associated with each of a plurality of degrees of freedom in aircraft flight movement;*
>
> *a plurality of aircraft flight control actuators associated with each of the plurality of degrees of freedom in aircraft flight movement;*
>
> *a plurality of aircraft flight state sensors associated with each of a plurality of aircraft flight state conditions including at least altitude and speed;*
>
> *the plural control subsystems, each having at least one control computer subsystem connected to (a) receive inputs from at least one of said pilot controlled input sensors for each of said plurality of degrees of freedom, (b) receive inputs from at least one of said flight state sensors for each of said plurality of aircraft flight conditions, and (c) provide outputs to at least one of said flight control actuators associated with each of said plural degrees of freedom:*

- 4 -

*said inputs and outputs to the control computer subsystem of each of said plural control subsystems being selected such that a catastrophic and complete failure of any one of said plural control subsystems causes continued control power over critical aircraft flight parameters by remaining unfailed ones of said plural control subsystems, degraded to less than 100% of total available control power, but sufficient to permit controlled aircraft descent to a landing.*

**INFRINGEMENT**

22.     Defendant Wisk, uses, offers for sale, sells, provides, distributes, licenses, supplies, and services VTOL aircraft, including the Wisk 6 ("Wisk Aircraft") which infringe the claims of the Patents-in-Suit.



23.     These are the accused Wisk Aircraft currently known to Plaintiff.  Other infringing aircraft may be identified through discovery.

24.     The accused Wisk Aircraft infringe system claims 1-5, and 9 and, in use, infringe method claims 10-14 and 18 of the '528 Patent.

25.     Defendant manufactures, uses, offers for sale, sells, provides, distributes, licenses, supplies, and services Wisk aircraft which include control subsystems with redundancies configured to provide continued but degraded control power over critical aircraft flight operating parameters even if any one complete control subsystem catastrophically fails.  The Wisk Aircraft products infringe claims of the Patent-in-Suit.

26.     Prior to filing this action, UAE sent a letter to Wisk date June 27, 2025, offering Wisk to consider a license under the '528 Patent. A copy of this letter is attached as **Exhibit B**. As a result, Wisk had an actual knowledge of the '528 Patent since receipt of that letter and through the claim charts that were attached to that letter Wisk was aware of the infringement.

27.     Defendant has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '528 Patent, by manufacturing, using, offering for sale, selling, providing, distributing, licensing, suppling, servicing and/or importing into the United States, Defendant's Wisk Aircraft.

28.     Defendant also indirectly infringed the '528 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b).  Defendant has knowingly and intentionally actively induced others to directly infringe at least one claim of the '528 Patent by providing Wisk Aircraft which are "used" and by providing instruction for customers to use to provide aircraft flight control to devices throughout the United States.

29.     Defendant has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '528 Patent, by practicing the claimed method of providing control subsystems with redundancies organized so as to provide continued but degraded control power over critical aircraft flight operating parameters even if any one complete control subsystem catastrophically fails.

30.     Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Wisk Aircraft directly infringe.

31.     A demonstration of the correspondence of the operation of the Wisk Aircraft with elements of an exemplary but non-representative claim of the '528 Patent is included below and detailed in the claim charts attached hereto as part of **Exhibit B**.

32.     The Wisk Aircraft include the flight control system in the preamble of Claim 1 of the '528 Patent, as evidenced by the information describing Wisk Aircraft below:

> *[Claim 1.preamble] An aircraft flight control system having plural control subsystems with redundancies organized so as to provide continued but degraded control power over critical aircraft flight operating parameters even if any one complete control subsystem catastrophically fails, said system comprising:*



Source: https://wisk.aero/aircraft

*[Claim 1.a] a plurality of pilot controlled input sensors associated with each of a plurality of degrees of freedom in aircraft flight movement;*

While at least some Wisk Aircraft are designed to operate in autonomous mode, but they retain the ability to be controlled by a pilot. Wisk Aero, Autonomous Flight: What we Mean and Why It's First, https://wisk.aero/news/blog/autonomous-flight-what-we-mean-and-why-its-first/ (March 10, 2022) ("there are still humans in the loop via our ground station where all flights are monitored . . . a flight supervisor can intervene by sending a new command to the aircraft, which it will then execute on its own").

The Wisk aircraft specifically contain flight control systems that operate "in response to pilot manipulation of inceptors and/or inputs generated by an automated pilot and/or sensor information." The '231 Patent, 9:1-3. "Such inceptor devices and/or associated electronics may be configured to provide as input signals 104 one or more of a roll direction, roll rate, yaw direction, yaw rate, pitch angle, pitch rate, altitude, altitude rate and/or forward or other speed, position, and/or thrust input signal." U.S. Patent No. 12,071,231 ("the '231 Patent") 4:64-5:2.

*[Claim 1.b] a plurality of aircraft flight control actuators associated with each of the plurality of degrees of freedom in aircraft flight movement;*

The Wisk Aircraft have a flight control system that has actuators including "[a]erodynamic control surfaces, powered sources of control forces, such as lift fans, and other structures capable of affecting aircraft attitude, motion, and/or orientation" The '231 Patent, 1:43-46. These actuators are specifically "used to act on the aircraft" in association with the aircraft's "degrees of freedom of movement." The '231 Patent, 1:47-67.

*[Claim 1.c] a plurality of aircraft flight state sensors associated with each of a plurality of aircraft flight state conditions including at least altitude and speed;*

The Wisk Aircraft have a flight control system that includes "redundant GPS receivers to reduce the likelihood of GPS loss due to system failure" as well as "a variety of other sensors to maintain required navigational accuracy" including at least altitude and speed. Wisk FAQ (wisk.aero/faq/). "Examples of sensors 116 and/or sensor data 118 may include one or more of airspeed, temperature, or other environmental conditions; actuator availability, failure, and/or health information; aircraft attitude, altitude, and/or other position information; presence/absence of other aircraft, debris, or other obstacles in the vicinity of the aircraft; actuator position information; etc." The '231 Patent, 5:38-44.

*[Claim 1.d] The plural control subsystems, each having at least one control computer subsystem connected to (a) receive inputs from at least one of said pilot controlled input sensors for each of said plurality of degrees of freedom, (b) receive inputs from at least one of said flight state sensors for each of said plurality of aircraft flight conditions, and (c) provide outputs to at least one of said flight control actuators associated with each of said plural degrees of freedom:*

The flight control systems have control subsystems that is an "autonomous system" "built on proven aviation systems, such as autopilots, precision nav, data links, that are augmented with sensors and . . . procedural-based decision-

making software." Wisk Aero, Autonomous Flight: What we Mean and Why It's First, https://wisk.aero/news/blog/autonomous-flight-what-wemean-and-why-its-first/ (March 10, 2022). The subsystems contain one or more "flight control computer[s]" that are configured to receive "input signals" from the pilot controlled input sensors, receive "sensor data" from the flight state sensors, and "generate and provide as output associated forces and/or moments 108 to be applied to the aircraft via its control assets (e.g., propellers, rotors, lift fans, aerodynamic control surfaces, etc.; sometimes referred to herein as 'actuators')." The '231 Patent, 4:64-5:12.

*[Claim 1.e] said inputs and outputs to the control computer subsystem of each of said plural control subsystems being selected such that a catastrophic and complete failure of any one of said plural control subsystems causes continued control power over critical aircraft flight parameters by remaining unfailed ones of said plural control subsystems, degraded to less than 100% of total available control power, but sufficient to permit controlled aircraft descent to a landing.*

The Wisk Aircraft contain a flight control system that is "highly redundant" and able to "continue flying safely with up to two of its twelve propellers inoperative." Wisk FAQ (wisk.aero/faq/). If more than two propellers are inoperative, the Wisk aircraft is nonetheless able to "initiate an emergency landing" despite this loss of power. Wisk FAQ (wisk.aero/faq/).

33.    Defendant has infringed at least claims 1-5, 9-14 and 18 of the '528 Patent under 35 U.S.C. § 271(a) and/or (c) by: (i) making, using, distributing, offering to sell, selling and/or importing into the United States, systems that infringe the asserted claims and by performing the claimed methods in the United States (35 U.S.C. § 271(a)); (ii) by inducing infringement of others and by inducing others to use the Wisk Aircraft and/or sell the Wisk Aircraft and/or to perform the claimed methods in the United States (35 U.S.C. § 271(b)).

- 9 -

34.    By engaging in accused activity including making, using, distributing, offering to sell, selling and importing Wisk Aircraft in the United States. Defendant  infringes claims of the '528 Patent.

35.    Upon information and belief, Defendant has directly infringed and continues to directly infringe one or more of claims of the '528 Patent under 35 U.S.C. §271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.") by engaging in accused activity including making, using, distributing, offering to sell, selling and importing Wisk Aircraft and/or practicing the methods of the claims of the '528 Patent with Wisk Aircraft in the United States.

36.    Upon information and belief, Defendant has indirectly infringed and continues to indirectly infringe one or more of the asserted claims under 35 USC §271(b): (Whoever actively induces infringement of a patent shall be liable as an infringer.") by (i) providing Wisk Aircraft which include an infringing system and are used by customers, which use is an act of direct infringement and (ii) by providing Wisk Aircraft , which when used, directly infringe the method claims by practicing the claimed method of aircraft control.

37.    Neither Defendant nor its customers have a license or authority to use or practice the '528 Patent.

38.    Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations.

39.    Defendant has been on notice of their infringement of the '528 Patent since June 27, 2025, when written correspondence was sent to Defendant identifying the infringing activities, accused Wisk Aircraft, and identifying the '528 Patent.  Defendant has since that time and is now intentionally continuing its knowing infringement.

40.    As a result of Defendant's infringement of the '528 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,946,528

41.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

42.    Defendant Wisk has infringed, at least claim 1-5, 9-14 and 18 of the '528 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Wisk Aircraft in the United States.

43.    Defendant does not have license or authority to the '528 Patent.

44.    As a result of Wisk's infringement of the '528 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II

### INDIRECT  INFRINGEMENT OF U.S. PATENT NO. 7,946,528

45.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

46.    Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '528 Patent under 35 U.S.C. §271(b) by inducing infringement of the '528 patent through use of Wisk Aircraft by its customers and by inducing the practicing of the method claims of the '528  Patent by its customers.

47.    Defendant does not have license or authority to the '528 Patent.

48.    As a result of Wisk's infringement of the '528 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

a.    For Judgment declaring that Wisk has infringed the '528 Patent;

b.    For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '528 Patent in an amount to be determined at trial of at least a reasonable royalty;

c.    For a judgment declaring that this case is exceptional and awarding Plaintiff its

expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

  d. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

  e. For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

  f. For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

June 19, 2026

Respectfully submitted,

/s/ Benjamin C. Deming
Benjamin C. Deming (233687 CA)
DNL ZITO
3232 McKinney Avenue, #500
Dallas, Texas 75204
214-799-1145
bdeming@dnlzito.com

Joseph J. Zito (*pro hac vice* to be filed)
DNL ZITO
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

Attorneys for Plaintiff